IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| VANESSA REYES, Individually and as Next Friend of X.R. and S.R., Minor Children and as Representative of the Estate of HECTOR REYES-ACOSTA<br><br>    Plaintiffs,<br><br>v.<br><br>JORDAN MARTINEZ d/b/a JIT TRANSPORATION<br><br>    Defendant.<br>_____<br><br>VERONICA RAMOS<br><br>    Intervenor,<br><br>v.<br><br>JORDAN MARTINEZ, Individually and d/b/a JIT, TRANSPORTATION, WERNER ENTERPRISES, INC. d/b/a NEBRASKA WERNER ENTERPRISES, INC. d/b/a WERNER ENT. WERNER GLOBAL LOGISTICS US, LLC, WERNER GLOBAL LOGISTICS, INC. and EXPEDITORS INTERNATIONAL OF WASHINGTON, INC. d/b/a EI FREIGHT (U.S.A.) Inc.<br><br>    Defendants. | §§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§ | CAUSE NO. 3:21-cv-69 |

**WERNER ENTERPRISES, INC.'S, WERNER GLOBAL LOGISTICS US, LLC'S, AND WERNER GLOBAL LOGISTICS, INC.'S JOINT NOTICE OF REMOVAL**

TO THE HONORABLE JUDGE OF SAID COURT:

1

Pursuant to 28 U.S.C. sections 1331, 1337, 1441, and 1446, Werner Enterprises, Inc. ("Werner Enterprises"), Werner Global Logistics US, LLC ("WGLU"), Werner Global Logistics, Inc. ("Werner Global Logistics") (collectively, "Werner entities") respectfully file this Joint Notice of Removal, removing Cause No. 2019DCV2558 from the 168th Judicial District Court in El Paso County, Texas to the United States District Court for the Western District of Texas, El Paso Division, as follows:

## I. Procedural History

1. On February 17, 2021, Intervenor Veronica Ramos ("Ms. Ramos") filed her Amended Plea in Intervention ("Amended Plea") in the 168th Judicial District Court of El Paso County, Texas, Cause No. 2019DCV2558 ("State Court Proceeding"), based on a June 17, 2019, motor vehicle accident resulting in the death of Hector Reyes Acosta ("Mr. Reyes-Acosta"). Ex. A, State Court Record, Ms. Ramos's Am. Pet. at 237.

2. In her Amended Plea, Ms. Ramos alleges she is the surviving mother of Mr. Reyes-Acosta. *Id.* at 236.

3. In her Amended Plea, Ms. Ramos alleges Cayetano Chavarria ("Mr. Chavarria") was operating an 18-wheeler owned by Jordan Martinez d/b/a JIT Transportation ("JIT") on June 17, 2019, on the westbound lane of U.S. 90. *Id.* at 237. At the same time, Mr. Reyes-Acosta was driving a tractor-trailer eastbound on U.S. 90 when Mr. Chavarria's tractor-trailer drifted out the westbound lane into oncoming traffic on the eastbound lane colliding head on with Mr. Reyes-Acosta's tractor-trailer. *Id.* The collision caused both tractors to catch fire leading to Mr. Reyes-Acosta's death. *Id.* at 237-238.

4. Mr. Reyes-Acosta's wife, Vanessa Reyes ("Ms. Reyes"), in her individual capacity and on behalf of Mr. Reyes-Acosta's children, initiated the wrongful death lawsuit against JIT on July 8,

2019, a few weeks after the accident. Ex. A, State Court Record, Ms. Reyes's Orig. Pet. at 1-7. In her lawsuit, Ms. Reyes did not bring suit against the Werner entities. *See id.*

5. JIT, in a Plea to the Jurisdiction filed in the State Court proceeding, notes both Mr. Reyes-Acosta and Mr. Chavarria were employees in the course and scope of their employment with JIT at the time of the June 17, 2019, accident. Ex. A, State Court Record, JIT's Plea to the Jurisdiction at 60. Ms. Reyes settled her and her children's claims with JIT. Ex. A, State Court Record, Ms. Reyes's Notice of Filing Rule 11 at 145-48.

6. Ms. Ramos intervened in the case on February 26, 2020, alleging JIT was negligent in causing Mr. Reyes-Acosta's death. Ex. A, State Court Record, Ms. Ramos's Plea in Intervention at 72-78. In both Ms. Ramos's initial Plea and in her Amended Plea, Ms. Ramos failed to mention Mr. Reyes-Acosta was an employee of JIT. *Compare* Ex. A, State Court Record, Ms. Ramos Plea in Intervention at 72-78 *and* Ms. Ramos's Am. Plea in Intervention at 235-243.

7. Ms. Ramos's factual basis for bringing in the Werner is, as Ms. Ramos alleges, Mr. Chavarria was "hauling a load brokered by Defendant EI and/or Werner, in a trailer owned by Defendant [Werner entities]." Ex. A, State Court Record, Ms. Ramos's Am. Plea in Intervention at 237.

8. Ms. Ramos, however, was aware both Mr. Chavarria and Mr. Reyes-Acosta were hauling a trailer owned by Werner Enterprises at the time of the June 17, 2019, accident prior to filing her February 17, 2020, Amended Plea. Ex. A, State Court Record, Police Report at 135-137.

9. Ms. Ramos, without providing any factual basis supporting the allegation, asserts "Mr. Chavarria was acting in the course and scope of his employment and/or statutory employment with Defendants JIT, [the Werner entities], and/or EI, or others at the time of the collision." Ex. A, State Court Record, Ms. Ramos's Am. Plea in Intervention at 238. Again, prior to making this assertion,

3

Ms. Ramos only alleged the Werner entities (as well as EI) brokered a load which Mr. Chavarria was hauling. *Id.* at 237.[1]

10.	Ms. Ramos seeks over $1,000,000.00 in damages and has requested a jury trial. *Id.* at 237, 242.

## II.  Grounds for Removal

11.	This case is removable, because Ms. Ramos's claims against the Werner entities implicate this Court's original jurisdiction. *Elam v. Kan. City S. Ry.*, 635 F.3d 796, 803 (5th Cir. 2011). Pursuant to the complete preemption doctrine, what may appear as a state law claim is converted to a claim arising under federal law for purposes of jurisdiction when a federal statute forcibly and completely displaces state law so much that a plaintiff's claim is either wholly federal or nothing at all. *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 330 (5th Cir. 2008).

12.	Pursuant to the Interstate Commerce Commission Termination Act ("ICCTA"),

> a State . . . may not enact or enfoce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of any motor carrier . . . or any motor private carrier, broker or freight forwarded with respect to the transportation of property. . . .

49 U.S.C. § 14501(c)(1).

---

[1] It is important to note Ms. Ramos knows Mr. Reyes-Acosta was an employee of JIT and was hauling a trailer owned by Werner Enterprises given Ms. Ramos possessed the police report, which is part of the State Court Record, for several months prior to filing her Amended Plea. Ex. A, State Court Record, Police Report at 135-137. Moreover, it is misleading for Ms. Ramos, who has been involved in litigation against JIT for nearly a year prior to including the Werner entities and who knew of Werner Enterprise's ownership of the trailer months prior to amending her Plea, to leave out Mr. Reyes-Acosta's employment status with JIT and Mr. Reyes-Acosta's non-employment relationship with the Werner entities. This is why Ms. Ramos can only truthfully assert Mr. Chavarria was hauling a load brokered by the Werner entities and nothing more. Furthermore, it would appear Ms. Ramos would be asserting the Werner entities are negligent for hiring JIT, Mr. Reyes-Acosta's employer, and for having JIT hire incompetent drivers, a category Mr. Reyes-Acosta falls under (i.e. Ms. Ramos alleges the Werner entities are negligent for contracting with a motor carrier who hires incompetent drivers such as her son, Mr. Reyes-Acosta).

13.     The regulation of services by a freight broker in interstate and intrastate commerce are completely preempted by the express language of 49 U.S.C. sections 14501(b)(1) and 14501(c)(1). A freight broker is defined as:

> a person, other than a motor carrier or an employee or agent of a motor carrier, that as a principal or agent sells, offers for sale, negotiates for, or holds itself out by solicitation, advertisement, or otherwise as selling, providing, or arranging for, transportation by motor carrier for compensation.

49 U.S.C. § 13102(2).

14.     Additionally, transportation is defined as:

> (A) a motor vehicle, vessel, warehouse, wharf, pier, dock, yard, property, facility, instrumentality, or equipment of any kind related to the movement of passengers or property, or both, regardless of ownership or an agreement concerning use; and
>
> (B) services related to that movement, including arranging for, receipt, delivery, elevation, transfer in transit, refrigeration, icing, ventilation, storage, handling, packing, unpacking, and interchange of passengers and property.

49 U.S.C. § 13102(23).

15.     Ms. Ramos's claims against the Werner entities, while sounding like state law claims, are predicated on the Werner entities' capacity as brokers. Ex. A, State Court Record, Ms. Ramos's Am. Plea In Intervention at 237, 239-41. The El Paso Division of the Western District of Texas recently found a similar wrongful death claim against a broker would be preempted by the ICCA, but remanded the case due to the broker's failure to comply with the timeliness requirements. *See Lopez v. Truckers Transp. Alliance*, 465 F.Supp.3d 689, 698-99 (W.D. Tex. 2020) (remanding to State court based on timeliness, not based on failure to prove complete preemption).

16.     Additionally, civil actions are removable pursuant to 28 U.S.C. section 1331 without regard of the citizenship of the parties or the amount in controversy. 28 U.S.C. § 1441. Accordingly, this Court has original jurisdiction over Ms. Ramos's claims against the Werner entities, making removal proper.

### III.  Proper Venue and Compliance with Removal Procedure

17. Removal to this Court is proper as JIT resides in El Paso County, Texas. *See* 28 U.S.C. § 1391(b)(1) ("A civil action may be brought in . . . a judicial district in which any defendant resides . . . .").

18. Removal of this matter to federal court is timely as the Werner entities removed this matter within thirty (30) days of being served with a copy of Ms. Ramos's Amended Plea in Intervention. 28 U.S.C. § 1446(b).

19. The Werner entities will properly give Ms. Ramos written notice of the filing of this Notice of Removal as required by section 1446(d). The Werner entities will also promptly file a copy of this Notice of Removal with the District Clerk of the 168th Judicial District Court of El Paso County, Texas, Cause No. 2019DCV1558.

20. True and correct copies of all process, pleadings, and the Orders served in the State court action are being filed with this Notice of Removal, as required by section 1446(a). *See* Ex. A, State Court Record.

### IV.  Prayer

Accordingly, Werner Enterprises, Inc., Werner Global Logistics US, LLC, Werner Global Logistics, Inc., respectfully removes Cause 2019DCV2558 from the 168th Judicial District Court of El Paso County, Texas to the United States District Court for the Western District of Texas, El Paso Division.

        Respectfully submitted,

        RINCON LAW GROUP, P.C.
        1014 N. Mesa, Suite 200
        El Paso, Texas  79902
        (915) 532-6800 (Telephone)
        (915) 532-6808 (Facsimile)

By: /s/ Oscar A. Lara
        CARLOS RINCON,
        TX State Bar No. 16932700
        CRincon@rinconlawgroup.com
        OSCAR A. LARA
        TX State Bar No. 24078827
        OLara@rinconlawgroup.com

        *Attorneys for Werner Enterprises, Inc., Werner Global Logistics US, LLC, and Werner Global Logistics, Inc.*

## **CERTIFICATE OF DEFENDANT'S CONSENT**

I certify and affirm undersigned counsel conferred with counsel for Defendant Jordan Martinez d/b/a JIT Transportation and with a representative of Expeditors International of Washington, Inc. d/b/a El Paso Freight (U.S.A.) Inc. All defendants consent to this removal.

/s/ Oscar A. Lara
OSCAR A. LARA

## **CERTIFICATE OF SERVICE**

I certify a true and correct copy of the foregoing document was served on the parties through their counsel of record via the Court's electronic service and via email, as follows, on this 19th day of March, 2021:

/s/ Oscar A. Lara
OSCAR A. LARA